**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA and )
MARY ARNDT, Revenue Officer )
of the Internal Revenue Service, )
            )
       Plaintiffs, )
            )
      v. )           Civil Action No. 1:09-cv-158-SJM
            )
EBERT G. BEEMAN, )
            )
       Defendant, )
            )
      v. )
            )
GE CLIENT SERVICE )
BUSINESSES, *et al.,* )
            )
       Third-party Defendant. )

## <u>MEMORANDUM ORDER</u>

Previously pending in this case, among other things, was a Motion by GE Client
Business Services and Keith S. Sherin to Dismiss All Purported Claims Asserted
Against Them By Defendant Ebert G. Beeman [17].  By text order dated February 4,
2010, this Court directed the Defendant to file, on or before February 18, 2010, a
response in opposition to this motion.  At some point on February 18, 2010, Defendant
Beeman, proceeding *pro se*, submitted a hard-copy of his response [19] by delivering it
to the Clerk of Court.

On February 19, 2010, after Beeman had delivered his timely response to the
Clerk's Office –  but before his response was reflected on the docket or received by this
Court, the Court entered a Memorandum Opinion and Judgment Order [18] which,
among other things, granted the motion to dismiss filed by GE Client Business Services
and Keith Sherin.  In its Memorandum Opinion, the Court noted (consistent with what
was then reflected on the docket), that no response to the motion had been filed by

Beeman.  (*See* Mem. Op. dated 2/19/10 [18] at p. 15  n. 7.)

The Court now being in receipt of Beeman's response to the motion to dismiss, it

has given the matter full, *de novo* consideration.  The Court notes that Beeman's

response contains a nearly verbatim restatement of matters previously set forth in his

other submissions.  In its entirety, Beeman's response states as follows:

> GE Client Business Services and Keith S. Sherin cooperated with Mary R. Arndt and Ed Pattison by violating "the Savings to the [sic] Suitors Clause"[1] at USC 28-1333(i).  I am standing in my unlimited commercial liability as a secured party creditor and request that the officers of this court do the same.  I respectfully request the indulgence of this court as I am not schooled in law.  This is provided by the precedent set by *Hanes v. Kerner* at 404 U.S. 519.

> IRS Agent(s) placed an unlawful lien, levy, or garnishment against my property and/or bank accounts.  Pennsylvania is not authorized by a U.S. District Court order as is required by the U.S. Code.

> I do not give you permission to dismiss this claim.

(Reply to Mot. by GE Client Business Services and Keith S. Sherin [19] at pp. 2-3.)

Having fully considered the Defendant's response to the motion to dismiss filed

by GE Client Business Services and Keith Sherin, the Court finds no basis to alter its

previous order granting the motion.  Beeman's invocation of the "Savings to Suitors"

clause is manifestly inappropriate, as the clause has no apparent application in the

case at hand.  His suggestion that the challenged lien, levy and/or garnishment required

pre-approval by a United States District Court was rejected by this Court for the reasons

set forth in its prior Memorandum Opinion and Judgment Order [18].  This Court

previously found, and continues to find, that no genuine issue of material fact exists

---

[1] "The 'savings to suitors' provision of 28 U.S.C. § 1333(1) (conferring on the federal courts original jurisdiction, exclusive of the state courts, over 'any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled') precludes automatic preemption of state remedies by admiralty law," *Robinson v. Alter Barge Line, Inc.*, 513 F.3d 668, 672, (7th Cir. 2008) (citations omitted), so long as the state remedy does not create a "clear conflict" with admiralty law.  *Id*. (*quoting Ellenwood v. Exxon Shipping Co.*, 984 F.2d 1270, 1278 (1st Cir.1993)).

relative to the lawfulness of the challenged lien, levy and garnishment.  Moreover, as the Court previously discussed, the movants GE Client Business Services and Keith Sherin are statutorily discharged from liability pursuant to 26 U.S.C. § 6332(e) to the extent they honored the IRS's levy.  Finally, and unfortunately for Beeman, this Court does not require his "permission" in order to dismiss his third-party claim for legal insufficiency.  Accordingly, the following order is entered:

AND NOW, *to wit*, this 19th day of February, 2010, upon *de novo* consideration of the Defendant's "Reply to Motion by GE Client Business Services and Keith S. Sherin" [19], the Court finds no basis to amend its previous ruling granting the motion to dismiss filed by GE Client Business Services and Keith S. Sherin.  Accordingly, the Court's Judgment Order of February 19, 2010 [18] stands as originally entered.

s/   Sean J. McLaughlin

SEAN J. McLAUGHLIN
United States District Judge

cm:   All counsel of record

and

Ebert G. Beeman
12746 Route 19 S
Waterford, PA 16441-6190